IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RONALD P. KELLEY,

      Plaintiff,

v.                                        Civil Action No. 5:06CV142
                                                         (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Ronald P. Kelley, filed an application on July 26, 2004 for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act, 42 U.S.C. §§ 1381-1383f, 401-433.  In the  application, the plaintiff alleged disability since January 14, 2004, due to back, shoulder, and ankle pain.

The state agency denied the plaintiff's application initially and on reconsideration.  The plaintiff requested a hearing, and a hearing before Administrative Law Judge ("ALJ") Steven Slahta was held on March 29, 2006.  The plaintiff, represented by counsel, testified on his own behalf.  Vocational Expert ("VE") John Panza

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is automatically substituted as the defendant in this action.

also testified at the hearing.  On April 29, 2006, the ALJ issued a decision finding that the plaintiff was not disabled.  The Appeals Council denied the plaintiff's request for review on October 13, 2006, rendering the ALJ's decision the final decision of the Commissioner.  Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment.  Magistrate Judge Kaull considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation.  In his report, the magistrate judge recommended that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report.  To date, no objections have been filed.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived.  See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III.  Discussion

In his motion for summary judgment, the plaintiff argues that: (a) the ALJ erred in failing to include any upper extremity limitations despite finding that there was a severe impairment and (b) the ALJ failed to perform a proper credibility determination as required by SSR 96-7p because he failed to take into consideration any factor other than daily activities.  The Commissioner contends that the plaintiff's arguments are without merit and that the ALJ properly assessed both plaintiff's residual functional capacity ("RFC") and his credibility.

An ALJ's findings will be upheld if supported by substantial evidence.  See <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable

mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A.   Residual Functional Capacity

The plaintiff argues that the ALJ erred by failing to include any upper extremity limitations in his RFC despite his finding that the plaintiff has a severe impairment with regard to his shoulders. The plaintiff also asserts that, because the ALJ's RFC failed to address the limiting effects of his arthralgia of the shoulders, the hypothetical question posed by the ALJ to the VE was improper.

The magistrate judge agreed with the plaintiff's arguments. Specifically, the magistrate judge found that the ALJ did not take into consideration all of the plaintiff's medically determinable impairments, in particular his shoulder impairments. The magistrate judge also found that the ALJ failed to include the effects of the plaintiff's shoulder impairments in the hypothetical to the VE. This Court finds no clear error in the magistrate judge's finding that substantial evidence does not support the ALJ's RFC determination or his hypothetical question to the VE.

4

The record contained medical opinions regarding limitations caused by plaintiff's arthralgia of the shoulders and statements by the plaintiff to his physicians regarding his shoulder pain. The ALJ did not address this evidence in his RFC. Further, the ALJ's hypothetical question to the VE did not include any manipulative limitations, such as reaching or handling, caused by the plaintiff's severe arthralgia.

B. Credibility

The plaintiff argues that the ALJ failed to perform a proper credibility determination by (a) failing to consider all of the factors required under SSR 96-7p when determining the credibility of a claimant's testimony and (b) finding that the plaintiff's basic activities of daily living supported a finding that the claimant is capable of working a full time sedentary job.

The magistrate judge found that substantial evidence does not support the ALJ's credibility determination because the ALJ based his credibility decision solely on the plaintiff's activities. The magistrate judge also found that the ALJ's conclusion that the plaintiff can perform sedentary work is also not supported by substantial evidence. This Court finds no clear error in the magistrate judge's finding on each of these points.

The ALJ did not properly consider and evaluate all of the relevant objective medical evidence, plaintiff's statements of pain, factors that aggravated plaintiff's pain, the medication

plaintiff took and its effects, if any, on his symptoms, and plaintiff's testimony as to his functional limitations due to pain. Thus, the ALJ did not consider all of the factors required by SSR 96-7p in his credibility analysis of the plaintiff. Further, because the ALJ did not make all of the necessary considerations, his conclusion that the plaintiff can perform sedentary work is not supported by substantial evidence.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED and that the plaintiff's motion for summary judgment be GRANTED with a remand of the cause of action to the Commissioner for further proceedings consistent with this opinion and the report and recommendation of the magistrate judge. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 23, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE